## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 4, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DAVID L. MOORE,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0511** (BOR Appeal No. 2049043)
                    (Claim No. 2012031872)

**CHARLESTON AREA MEDICAL CENTER,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner David L. Moore, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Charleston Area Medical Center, by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 29, 2014, in which the Board affirmed a December 3, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 29, 2013, decision which denied a request from Anthony Erwin, M.D., for a cervical MRI. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Moore, a registered nurse, was injured in the course of his employment on March 28, 2012, while moving a patient. The claim was held compensable for thoracic sprain/strain. He was first treated by Dr. Erwin who diagnosed thoracic pain and muscle spasms. In August of 2012, Mr. Moore reported that he had rare occasions of numbness. An EMG was discussed due to a decreased C6 reflex on the right and cervicobrachial syndrome was added to the diagnosis list. Mr. Moore continued to have complaints of numbness in the first, second, and third digits on his right hand. The employee's and physician's report of injury lists the diagnoses as

1

sprain/strain, pain in the thoracic spine, and muscle spasm. A treatment note by Timothy Deer, M.D., stated that Mr. Moore reported upper mid back pain that recently started to radiate down the right arm and into the right upper chest. He also reported numbness in his first, second, and third fingers on his right hand and right arm weakness. Dr. Deer diagnosed bulging thoracic disc, thoracic back pain, and cervical radiculopathy. Mr. Moore was referred to Matthew Walker, M.D., who diagnosed upper thoracic strain and right upper extremity radiculopathy.

Marsha Bailey, M.D., performed an independent medical evaluation on November 26, 2012. She diagnosed chronic upper thoracic pain following a thoracic sprain/strain without true thoracic radiculopathy. She stated that Mr. Moore was at maximum medical improvement for the thoracic sprain/strain. However, she noted that he had right upper extremity numbness and tingling and recommended a cervical MRI and an EMG to determine the cause of the symptoms. She found that his treatment history and her physical examination suggest both a cervical etiology and a more peripheral etiology, such as carpal tunnel syndrome. In an August 1, 2013, letter, she stated that she had the opportunity to review more records. She noted that, at the time of her evaluation, Mr. Moore denied any cervical pain. On examination, he was non-tender in the cervical spine, and a neurological examination found no evidence of thoracic or cervical radiculopathy. She stated that the only positive neurological finding was a positive Tinel's sign, which is consistent with median nerve compression or carpal tunnel syndrome. She noted that both Drs. Deer and Walker opined that Mr. Moore had radiculopathy but neither physician evaluated him for a peripheral etiology such as carpal tunnel syndrome. Dr. Bailey opined that Mr. Moore's right upper extremity symptoms were unrelated to the compensable injury and likely the result of carpal tunnel syndrome. She recommended that the requested cervical MRI be denied because the cervical spine is not a compensable condition.

The claims administrator denied the request for a cervical MRI on January 29, 2013. The Office of Judges affirmed the decision in its December 3, 2013, Order. It found that the preponderance of the evidence indicates that the only compensable condition in the claim is a thoracic sprain/strain. Further, Dr. Bailey determined that Mr. Moore's cervical spine was not a compensable component of the claim. No additional evidence was introduced to show that the claim was held compensable for the cervical spine. Because the cervical MRI was not for the treatment of a compensable condition, the Office of Judges found it was properly denied. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 29, 2014.

On appeal, in a brief argument, Mr. Moore asserts that the cervical MRI is necessary to determine if he sustained a cervical injury on March 28, 2012. He noted that his right upper extremity symptoms developed after his compensable injury. Charleston Area Medical Center argues that Mr. Moore sustained a thoracic sprain/strain for which he has reached maximum medical improvement, and his cervical symptoms did not appear until five weeks after the injury. It further states that Dr. Bailey evaluated Mr. Moore and found that the cervical MRI was not necessary for the compensable injury. After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The cervical MRI is not necessary to treat a compensable component of the claim and therefore should not be authorized.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   March 4, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum